IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAURA JENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00089 |
| ) | Judge Campbell/Frensley |
| MOTLOW STATE COMMUNITY ) | |
| COLLEGE, TENNESSEE BOARD OF ) | Jury Demand |
| REGENTS, and Dr. MICHAEL ) | |
| TORRENCE, in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT TENNESSEE BOARD OF REGENTS' MEMORANDUM
## OF LAW IN SUPPORT ITS MOTION TO DISMISS

Comes now Defendant Tennessee Board of Regents ("TBR") and submits this Memorandum of Law in Support of its Motion to Dismiss itself as a party to the Complaint. TBR respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims against it.

### INTRODUCTION

Laura Jent, the female plaintiff in this case, alleges that during her employment at Motlow State Community College ("Motlow"), she was sexually harassed by a co-worker beginning in 2016. She claims that after her report of the harassment she was retaliated against and eventually compelled to resign. Based on these allegations, Plaintiff seeks to hold her employer, Motlow State Community College, liable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and Title IX of the Educational Amendments Act of 1972, 20 U.S.C. §§ 1681 *et seq.* ("Title IX"). She also seeks to impose liability under these same statutes on TBR,

1

a governing body that Plaintiff admits was not her employer. Plaintiff's Title VII claims against TBR fail because there is no employment relationship between TBR and Plaintiff.

Plaintiff's Title IX claims against TBR fail for the same reasons discussed in the Memorandum of Law in Support of the Defendants' Motion for Partial Dismissal submitted by Defendants Motlow State Community College and Dr. Michael Torrence, in his official capacity as President of Motlow. That accompanying Memorandum of Law is asserted and incorporated herein.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of the complaint. To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. To meet the plausibility standard, the complaint must show "more than a sheer possibility that the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* While the court will accept the complaint's factual allegations as true, this assumption of veracity does not extend to legal conclusions, including legal conclusions couched as factual allegations. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a Rule 12(b)(6) motion to dismiss. *Id.*

# FACTS AS ALLEGED

Plaintiff began work at Motlow in July 2006 as Human Resources Director. (Complaint, ¶ 7.) She remained in the human resources field throughout her employment with Motlow, eventually earning promotion to Executive Director of Human Resources. (*See id.* at ¶¶ 7-8.) Starting in 2016, Plaintiff experienced what she regarded as sexually harassing text messages and emails from Motlow's Comptroller, Jay Turney. (*Id.* at ¶¶ 9, 12, 17-21.) The conduct escalated to include "numerous sexual advances and requests for sex" beginning in 2017. (*Id.* at ¶ 15.) Plaintiff reported the sexual harassment to myriad Motlow officials, but none of them took appropriate corrective action. (*Id.* at ¶¶ 24-32, 39-47.) Instead, Motlow leadership allegedly retaliated against in Plaintiff, removing her from the Executive Team and progressively depriving her of meaningful work. (*Id.* at ¶¶ 48-50.) Facing what she believed were "intolerable working conditions" at Motlow, Plaintiff resigned in February 2020. (*See id.* at ¶¶ 53-54.)

Plaintiff exhausted her administrative remedies under Title VII and filed this lawsuit in February 2021, seeking to hold her former employer, Motlow, liable under Title VII and Title IX. (*Id.* at ¶¶ 1, 5-6, 55-59.) Plaintiff further seeks to impose liability on TBR, a governing body that neither employed Plaintiff nor exercised control over her job performance or opportunities under the same statutes. (*See id.* at ¶¶ 1, 3, 5, 55-59.) Plaintiff's efforts to assert Title VII and Title IX claims against TBR are fatally flawed, as shown below.

# ARGUMENT

## I. PLAINTIFF'S TITLE VII CLAIMS SHOULD BE DISMISSED BECAUSE TBR WAS NOT PLAINTIFF'S EMPLOYER.

Title VII provides that "[i]t shall be an unlawful employment practice for an *employer* to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C.A. § 2000e-2(a)(1)

(emphasis added). It is also unlawful under Title VII "for an *employer* to discriminate against any of *his employees* . . . because he has opposed any practice made an unlawful employment practice" under Title VII, or because he "participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C.A. § 2000e-3(a) (emphasis added). Courts have interpreted this statute to require an employment relationship between the plaintiff and the defendant. *Gueye v. Gap, Inc.*, No. 2013-144, 2014 WL 197759, at *1 (E.D. Ky. Jan. 14, 2014) ("Plaintiff fails to allege an employment relationship between himself and [the Defendants]. This failure is fatal to his Title VII claim."); *Smiley v. Ohio*, 1:10-cv-390, 2011 WL 4481350, at *4 (S.D. Ohio Sept. 27, 2011) ("Given the Sixth Circuit's use of the common law agency test, this Court believes the Sixth Circuit would require [the Plaintiff] to demonstrate a common law agency relationship with the . . . Defendants before imposing liability under § 2000e-2(a)(1)."); *Higgins v. Vitran Exp. Inc.*, 1:09-cv-228, 2009 WL 3873662, at *4 (S.D. Ohio Nov. 18, 2009); *Allen v. Davidson Transit Org.*, 3:08-cv-0273, 2008 WL 4695042, at *5 (M.D. Tenn. Oct. 23, 2008). Failure to plead an employment relationship in the complaint is fatal to a Title VII claim. *Gueye*, 2014 WL 197759, at *1.

Plaintiff's Title VII discrimination and retaliation claims fail because there is no employment relationship between Plaintiff and TBR. In the Complaint, Plaintiff concedes that she was Motlow's employee, not TBR's employee. (Complaint, ¶¶ 1, 4) (alleging Plaintiff is "a former employee of Motlow" and identifying Motlow's President as her former supervisor with the authority to reinstate her to her former position at Motlow College). Concerning TBR, Plaintiff alleges TBR "operates Motlow, and implements policies affecting the terms, conditions, and privileges of Motlow employees' employment." (*Id.* at ¶ 3.) These legal conclusions are afforded no assumption of veracity under the *Twombly-Iqbal* standard. *Iqbal*, 556 U.S. at 678 (describing *Twombly* as establishing that assertions amounting to a "legal conclusion" are "not entitled to the

assumption of truth.") (citing *Twombly*, 550 U.S. at 555). Moreover, these conclusory allegations are inconsistent with TBR's enabling statutes, which establish a "state university and community college system, to be called the board of regents[,]" composed of individual state universities and state community colleges. Tenn. Code Ann. §§ 49-8-101(a)(1), (a)(2)(A), (a)(3)(A). TBR shares powers and duties respecting the governance of state universities and community colleges with state university boards and the Tennessee Higher Education Commission. *Id.* at §§ 49-8-101(a)(2)(A), (a)(3)(B). Nowhere is TBR described as the "employer" of state community college employees. *See generally* Tenn. Code Ann. §§ 49-8-101, -201. Since the Complaint's factual allegations, as opposed to its legal conclusions, show that Motlow was Plaintiff's employer, all Title VII claims against TBR must be dismissed.

## II. PLAINTIFF'S TITLE IX CLAIMS AGAINST TBR SHOULD BE DISMISSED.

Defendants Motlow and Dr. Michael Torrence, in his official capacity as President of Motlow, have argued that Plaintiff's Title IX claims are untimely. TBR incorporates those arguments and restates them in their entirety. Even if the Complaint's Title IX claims were timely, they would nevertheless fail because Plaintiff does not allege that she experienced sexual harassment or retaliation in the context of any "education program or activity" of TBR.

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in . . . or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (emphasis added). A "program or activity" includes all operations of a state government agency any part of which receives federal financial assistance. *Id.* at § 1687. The meaning of "education program or activity" is less clear, as neither Title IX nor its regulations define the phrase. *See* 20 U.S.C. §§ 1681 *et seq.*; 34 C.F.R. §§ 106.1 *et seq.* In a recent decision of this Court, Judge Trauger analyzed the meaning of

5

"education program or activity," explaining "Title IX simply does not apply to claims that do not involve discrimination related to education or training." *Roach v. Montgomery Cty. Gov't*, No. 3:19-cv-00698, 2020 WL 7231626, at \*6 (M.D. Tenn. Dec. 8, 2020) (citing *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 553-54 (3rd Cir. 2017)).[1]

TBR receives federal funds. (Complaint, ¶ 3.) TBR's operations are therefore considered a "program or activity" under § 1687. 20 U.S.C. § 1687. The next step in the analysis is to determine whether Plaintiff has shown that she "was excluded from participation in," "denied the benefits of," or "was subject to discrimination under any education program or activity" of the TBR. *Id.* at 1681 (emphasis added). She has not. The Complaint does not establish that Plaintiff was discriminated against in any TBR program or activity. (*See generally* Complaint.) Instead, the alleged discrimination and retaliation occurred in the employment context, specifically in Motlow's employment of Plaintiff as its Human Resources Director. (*Id.* at ¶¶ 7, 9, 11-52) (complaining of sexual harassment by Motlow's Comptroller and Director of Finance, one of Plaintiff's co-workers, and identifying Motlow employees Dr. Torrence and Dr. Thompson as responsible for retaliating against her). Without facts showing Plaintiff underwent sex-based discrimination in any of TBR's educational programs or activities, Plaintiff's Title IX claims fail and must be dismissed.

---

[1] In *Doe v. Mercy Catholic Medical Center*, the Third Circuit held that a program or activity under § 1687 is an *education* program or activity under § 1681(a) if it has features such that one could reasonably consider its mission to be, at least in part, educational. *Doe*, 850 F.3d at 555. The *Doe* court noted that its construction of "education program or activity" aligns with precedent in the Eighth and Ninth Circuits and with how numerous federal agencies, including the U.S. Education Department, interpret Title IX. *Id.* (citations omitted).

## CONCLUSION

Dismissal of Plaintiff's Title VII claims is due because TBR did not employ Plaintiff. Plaintiff's Title IX claims also fail because the statute of limitations has expired and because she has not and cannot demonstrate that her employment at Motlow constitutes an education program or activity of the TBR. The Court should therefore dismiss all claims against TBR.

Respectfully submitted,

**HERBERT H. SLATERY III**
**ATTORNEY GENERAL AND REPORTER**

*s/ Melissa Brodhag*
**Melissa Brodhag**, BPR #021133
Senior Assistant Attorney General
Colleen E. Mallea, BPR #032238
Education and Employment Division
UBS Building, 20th Floor
315 Deaderick Street
Nashville, TN 37243

*Mailing Address*:
Post Office Box 20207
Nashville, TN 37202

*Telephone*: (615) 741-6429
*Facsimile*: (615) 741-7327
*Email*: Melissa.Brodhag@ag.tn.gov
*Email:* Colleen.Mallea@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, a copy of the above pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

Mr. Douglas Janney
2021 Richard Jones Rd, Suite 310A
Nashville, TN 37215

*s/ Melissa Brodhag*